UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| TRIAD AT LAGRANGE I, LLC, | ) | CASE NO. 09-13383-WHD |
| TRIAD AT JEFFERSON I, LLC, | ) | CASE NO. 09-13384-WHD |
| TRIAD AT LUMBER CITY I, LLC, | ) | CASE NO. 09-13385-WHD |
| TRIAD AT POWDER SPRINGS I, LLC, | ) | CASE NO. 09-13386-WHD |
| TRIAD AT THOMASVILLE I, LLC | ) | CASE NO. 09-13387-WHD |
| | ) | |
| Debtors. | ) | (Jointly Administered under |
| | ) | CASE NO. 09-13383-WHD) |
| | ) | |

**MOTION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSES UNDER 11 U.S.C. § 503(b)(9)**

PharMerica Corporation ("PharMerica"), by its undersigned counsel, hereby moves this Court for an order pursuant to 11 U.S.C. § 503(b)(9) for an order (i) allowing PharMerica's administrative expense claim, and (ii) directing the above-captioned debtors (the "Debtors") to pay PharMerica's administrative expense claim (the "Motion") as set forth herein. In support of the Motion, PharMerica states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 503. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (E).

**BACKGROUND**

2. On September 22, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors have continued in the operation of their business and

possession of their assets as a debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. On October 15, 2009, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in this case. No trustee or examiner has been appointed in this case.

4. PharMerica is a corporation which supplies prescription and non-prescription drugs and other medical supplies pursuant to purchase orders submitted by clients.

5. PharMerica supplied such products to the Debtors in the ordinary course of business prior to the Petition Date. Products worth $60,260.08 were received by the Debtors during the 20 days prior to the Petition Date, at a time when the Debtors were insolvent, and for which PharMerica has not been paid (the "Administrative Expense Goods").

6. Upon information and belief, the Debtors used the Administrative Expense Goods in the ordinary course of business.

7. Upon information and belief, the Debtors continue to operate business in the post-petition period, and have generated revenue by using and selling the Administrative Expense Goods in connection with its business.

8. Despite generating post-petition revenue, the Debtors have not paid for the Administrative Expense Goods.

9. By this Motion, PharMerica requests that this Court enter an Order allowing its administrative expense claim totaling $60,260.08 ("Administrative Expense Claim") and immediately, or as soon thereafter as practicable, pay the Administrative Expense Claim to PharMerica.

**GROUNDS FOR RELIEF**

10. Section 503(b)(9) of the Bankruptcy Code provides that:

> After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under § 502(f) of this title, including . . . the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of business.

11 U.S.C. § 503(b)(9). Pursuant to §§ 507(a)(2) and 503(b)(9), PharMerica's claim for delivery of the Administrative Expense Claim to the Debtors in the ordinary course of business within 20 days before the Petition Date is entitled to administrative priority.

11. This Court may compel the Debtors to make immediate payment on PharMerica's administrative priority claim. *See In re Austin*, 1994 WL 245224 at 1 (Bankr. S.D. Ga. Feb. 8, 1994) ("the time of payment of . . . administrative expenses . . . is entirely within the discretion of the bankruptcy court"); *In re Dakota Indus., Inc.*, 31 B.R. 23, 26 (D.S.D. 1983) ("There is no restriction on the debtor's paying administrative claims prior to confirmation of the plan in a Chapter 11 case. . ."); *In re Isis Foods, Inc.*, 27 B.R. 156, 157-58 (W.D. Mo. 1982) (Court affirmed bankruptcy court's order that debtor make immediate payment on administrative expense claims).

12. In this case, PharMerica believes that immediate payment by the Debtors of the Administrative Expense Claim is appropriate. Section 503(b)(9) helps troubled companies continue their operations by assuring suppliers that they will be paid quickly and in full in the event of bankruptcy.

13. The value of the Administrative Expense Goods totals $60,260.08, which goods upon information and belief, were delivered and have been used in the ordinary course of the Debtors' business operations.

## CONCLUSION

**WHEREFORE**, PharMerica respectfully requests that this Court enter an order allowing PharMerica's Administrative Expense Claim as set forth herein, (ii) directing the Debtors to immediately pay PharMerica on account of its Administrative Expense Claim, and (iii) granting such other and further relief as this Court deems appropriate.

Dated:  November 6, 2009

/s/ Paul G. Durdaller
Paul G. Durdaller (Ga. Bar No. 234890)
Valerie K. Richmond (Ga. Bar No. 142188)
TAYLOR ENGLISH DUMA, LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia  30339
Phone: (770) 434-6868
Fax: (770) 434-7376
Pdurdaller@talorenglish.com


and

Robert M. Hirsh
ARENT  FOX LLP
1675 Broadway
New York, NY 10019
Phone: (212) 484-3900

Counsel for PharMerica Corporation

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PharMerica Corporation's **MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES UNDER 11 U.S.C. § 503(b)(9)**, was served on all Registered Users by service of a notice of electronic filing in accordance with the Electronic Case Filing Procedures; and upon each of the parties listed below via first class mail, postage prepaid, to ensure delivery:

| | | |
|---|---|---|
| Gregory D. Ellis<br>Lamberth, Cifelli, Stokes, Ellis & Nason, PA<br>3343 Peachtree Road, NE<br>Suite 550<br>Atlanta, GA 30326 | Our Family, LLC<br>Attn: Natysha Wright,<br>423 Haverhill Lane<br>Jonesboro, GA 30236 | Stanley Senior Technologies<br>Attn: Tiffani Hix<br>1550 N. 20th Circle<br>Lincoln, NE 68503 |
| Triad at Jeffersonville, I, LLC<br>10 Roswell Street<br>Suite 210<br>Alpharetta, GA 30009 | Triad at Powder Springs I, LLC<br>10 Roswell Street<br>Suite 210<br>Alpharetta, GA 30009 | Capital Finance, LLC<br>1422 Clarkview Toad<br>Baltimore, MD 21209 |
| Gallagher Evelius & Jones<br>218 North Charles Street<br>Suite 400<br>Baltimore, MD 21201 | Joshua E. Kight, Esq.<br>Kight & Harper, LLC<br>108 S. Jefferson Street<br>Dublin, GA 31021 | Telerent Leasing Corporation<br>4191 Fayetteville Road<br>Raleigh, NC 27603 |
| Eduracare Therapy Management, Inc.<br>c/o Bill Rothschild<br>Ellengert, Ogier, Rothschild & Rosenfeld<br>170 Mitchell Street<br>Atlanta, GA 30303 | Sysco Food Service of Atlanta, LLC<br>Attn: Willie Coleman, CFO<br>P.O. Box 490379<br>College Park, GA 30349 | Triad of LaGrange I, LLC<br>10 Roswell Street<br>Suite 210<br>Alpharetta, GA 30009 |
| Daniel A. Caldwell<br>U. S. Attorney's Office<br>600 Russell Federal Bldg<br>75 Spring Street, SW<br>Atlanta, GA 30303 | Direct Supply, Inc.<br>Attn: Kurt Polacek<br>6767 N. Industrial Road<br>Milwaukee, WI 53223 | Georgia Dept. of Revenue<br>Bankruptcy Section<br>P.O. Box 161108<br>Atlanta, GA 30321 |
| Office of the U.S. Trustee<br>75 Spring Street, S.W.<br>362 Russell Federal Bldg.<br>Atlanta, GA 30303 | Textron Financial Corporation<br>4949 SW Meadows Road<br>#500<br>Lake Oswego, OR 97035 | Edurance Therapy Management, Inc.<br>Attn: Thomas P. Dixon, President 1 Forest Park Drive, 2nd Floor<br>Farmington, CT 06032 |

| | | |
|---|---|---|
| Official Committee of Unsecured Creditors c/o J. Robert Williamson 1500 Candler Bldg. 127 Peachtree Street, NE Atlanta, GA 30303 | Professional Medical & Surgical Supply, Inc. Alan Ferry, Jr., GM & COO 1917 Garnet Court New Lenox, IL 60451 | Sysco Foods Services of Atlanta, LLC Arnall Golden Gregory, LLP c/o Darryl S. Laddin 171 17th Street, NW Suite 2100 Atlanta, GA 30363 |
| Triad at Lumber City I, LLC 10 Roswell Street Suite 210 Alpharetta, GA 30009 | Newnan Division 18 Greenville Street P.O. Box 2328 Newnan, GA 30264 | Edurance Therapy Management Attn: Tom Mack, COO 2950 S. Rainbow Blvd. Ste. 22 Las Vegas, NV 89146 |
| IRS Centralized Insolvency Operations P.O. Box 21126 Philadelphia, PA 19114 | Staples, Inc. Attn: Bryan Manniein 555 W. 112th Ave. Northglenn, CO 80234 | Troup County tax Commissioner Attn: Gary S. Wood 100 Ridley Avenue Lagrange, GA 30240 |
| US Express Leasing, Inc 10 Waterview Blvd. Parsippany, NJ 07054 | Vocollect Healthcare Systems 701 Rodi Road Pittsburg, PA 15235 | Adrienne P. Ashby Ashby & Polk, LLC 191 Peachtree Street, NE Suite 3300 Atlanta, GA 30303 |
| William M. Foster Theodore N. Stapleton, P.C. Suite 2-1740 2727 Paces Ferry Road Atlanta, GA 30339 | Steven E. Fox Wendy G. Marcari Epstein Becker & Green, PC 250 Park Avenue New York, NY 10177-1211 | Wendy L. Hagenau Bryan Cave Powell Goldstein, LLP One Atlanta, Center – 14 Floor 1201West Peachtree Street, NW Atlanta, GA 30309-3488 |
| | | Annette Kerlin McBrayer Brett J. Nizzo Epstein Becker & Green, P.C. Suite 2700 945 East Paces Ferry Road Atlanta, GA 30326 |

This 6th day of November, 2009

/s/ Paul G. Durdaller
Paul G. Durdaller (Ga. Bar No. 234890)
Valerie K. Richmond (Ga. Bar No. 142188)
TAYLOR ENGLISH DUMA, LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia  30339
Phone: (770) 434-6868
Fax: (770) 434-7376
Pdurdaller@talorenglish.com